UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

THOMAS KOBER, CHARLES CARDONA
and JOHN CARDONA,

                Petitioners,        MEMORANDUM OPINION

    -against-                06 Civ. 3341 (MGC)

JAMES KELLY, BRYAN ZIMMERMAN
and SUNSTATE EQUITY TRADING, INC.,

                Respondents.
-----------------------------------x

APPEARANCES:

    ROBERT FITZPATRICK, ATTORNEY AT LAW
    Attorney for Petitioners
    5 Pioneer Trail
    Trumbull, CT 06611

    By: Robert Fitzpatrick, Esq.


    WILLIAMS SCHIFINO MANGIONE & STEADY P.A.
    Attorneys for Respondents
    One Tampa City Center, Suite 2600
    201 North Franklin Street
    Tampa, FL 33602

    By: V. Stephen Cohen, Esq.

CEDARBAUM, J.

Petitioners Thomas Kober, Charles Cardona, and John Cardona move to vacate an arbitration award rendered against them on their claims for theft and breach of fiduciary duty asserted against respondents James Kelly, Bryan Zimmerman, and Sunstate Equity Trading, Inc. Respondents move to confirm the award. For the reasons that follow, petitioners' motion is denied and respondents' motion is granted.

BACKGROUND

In January 2004, petitioners submitted their claims against respondents to arbitration before the National Association of Securities Dealers (NASD). The parties attended a hearing at the NASD on November 8, 2005 before a panel of three arbitrators. Petitioners did not appear at the hearing, even though it had been scheduled for the taking of evidence, but were represented by their counsel, Robert Fitzpatrick. Prior to the hearing, petitioners moved for summary judgment based respondents' alleged failure to produce several requested documents. Respondents also moved for summary judgment based in part on petitioners' alleged failure to proffer sufficient evidence to support their claims.

2

After a lengthy discussion of petitioners' requests, which consumed the morning and a portion of the afternoon on November 8, the NASD panel denied petitioners' motion for summary judgment "because the documents sought by Claimants had no relevance to the issues in the case and because Respondents represented that they had delivered to Claimants all of the requested documents that they had in their possession or control." NASD Arbitration Award at 3. The panel also denied petitioners' request to adjourn the hearing until such time as respondents had provided all requested discovery. Instead, the panel offered petitioners an adjournment until the following morning.

After petitioners' motion and request for an adjournment were denied, petitioners' counsel abruptly resigned and left the hearing room. Petitioners' counsel stated that he was forced to resign immediately because he had a conflict of interest arising out of the appearance of his name on respondents' witness list. Despite having received respondents' witness list twenty days prior to the hearing, counsel raised this conflict concern for the first time on the day of the hearing, after participating in argument on various motions for several hours. The panel requested that counsel stay to discuss the conflict concern,

3

but counsel instead left the room and did not return to the hearing that afternoon or the following day.

Respondents then moved for a default judgment, reiterating that petitioners' counsel had received their witness list twenty days before the hearing. The panel took a brief recess to discuss the matter and returned to inform respondents that it would not rule on their motion at that time. The panel and respondents then briefly discussed some logistical concerns and the hearing was adjourned. These discussions occurred on the record, without the presence of petitioners or their counsel.

On November 10, 2005, respondents submitted a written motion to dismiss, based on petitioners' failure to proffer any evidence in support of their claims despite having had an opportunity to do so. Petitioners' counsel then withdrew his resignation by letter to the NASD and filed a response to respondents' motion to dismiss dated December 1, 2005. On February 7, 2006, the panel issued its award granting respondents' motion to dismiss because petitioners had "failed to proffer any evidence in support of their claim against Respondents, despite having been granted an ample opportunity to do so." NASD Arbitration Award at 4. The panel also ordered petitioners to pay all costs of the hearing. Id.

DISCUSSION

An arbitration award maybe vacated in the following four cases:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). An award may also be vacated based on the arbitrators' manifest disregard of the law, manifest disregard of the evidence, or violation of well-established public policy. See Hakala v. Deutsche Bank AG, No. 01 Civ. 3366(MGB), 2004 WL 1057788, at * 2 (S.D.N.Y. May 11, 2004). Petitioners seek to vacate the NASD award on the ground that the panel engaged in misconduct by denying petitioners' request for an adjournment, by participating in ex parte communication with respondents, and by issuing a decision without the benefit of a hearing.

## I. Failure to Adjourn the Hearing

Petitioners argue that the panel's denial of their request to adjourn the hearing is a ground on which to

5

vacate the award.  It is, however, well established that "[t]he granting or denying of an adjournment falls within the broad discretion of appointed arbitrators," and a court's review is limited "to a determination of whether the arbitrators were guilty of misconduct" in denying the request for an adjournment.  Storey v. Searle Blatt Ltd., 685 F. Supp. 80, 82 (S.D.N.Y. 1988).  "[A]s long as there is at least a barely colorable justification for the arbitrators' decision not to grant an adjournment, the arbitration award should be enforced."  Bisnoff v. King, 154 F. Supp. 2d 630, 637 (S.D.N.Y. 2001) (internal quotes omitted).

The panel denied petitioners' request for an adjournment on the ground that petitioners failed to show that there was "sufficient reason" to postpone the hearing. Hr'g Tr. at 20-21.  The panel listened to the arguments of petitioners' counsel in favor of granting an adjournment and decided that the absence of certain documents did not merit postponement of the hearing.  Rather, the panel sought to proceed with the hearing and told petitioners that they could renew their motion to adjourn after the panel had heard the testimony of the available witnesses, if petitioners so desired.  See id. at 19-20.  The record reflects that the panel's denial of petitioners' request for

6

an adjournment was not unreasonable or unjustified. This denial does not therefore provide a ground on which to vacate the award.

## II. Ex Parte Communication

Petitioners next argue that the "ex parte communication" between respondents and the panel, which occurred after petitioners' counsel abruptly left the hearing room, provides a ground on which to vacate the award. However, in order to vacate the award based on ex parte communication, petitioners must show that the "ex parte communication" deprived them of a fair hearing and influenced the outcome of the arbitration. See Spector v. Torenberg, 852 F. Supp. 201, 209 (S.D.N.Y. 1994). "Generally, the subject matter of the conversation must have gone to the heart of the dispute's merits, and an award will therefore not be vacated if the conversation concerned a merely peripheral matter." Id. at 210.

There is no evidence that the brief "ex parte" discussion in the hearing room that occurred after petitioners' counsel departed had any influence on the arbitration award or deprived petitioners of a fair hearing. After petitioners' counsel left the hearing room, respondents moved for default judgment, but the panel did not rule on this motion at that time. The rest of the discussion that followed did not concern the merits of petitioners' or respondents' claims, but rather involved logistical concerns. This discussion does not therefore provide a ground on which to vacate the award.

7

### III. Issuing a Decision Without A Hearing

Petitioners finally argue that the panel committed misconduct by issuing a decision without a hearing. Petitioners were, however, afforded an opportunity for a hearing and petitioners' counsel did in fact appear at the hearing and argued petitioners' motions for several hours before the hearing panel. Then petitioners' counsel left the hearing before presenting any evidence, despite the panel's request that counsel stay and discuss his alleged "conflict." Petitioners were then later given a second opportunity to present evidence in support of their claims, in response to respondents' motion to dismiss. Petitioners again failed to present sufficient evidence to support their claims.

In short, petitioners were afforded an opportunity to be heard and to present their case to the panel, but they failed to do so on both the first and the second day scheduled for the hearing. Petitioners' failure was not misconduct on the part of the panel. See <u>Bisnoff v. King</u>, 154 F. Supp. 2d 630, 637-39 (S.D.N.Y. 2001)(confirming arbitration award issued after panel refused petitioner's request for adjournment and held hearing that "proceeded without the participation or testimony of" the petitioner

even though panel offered to allow petitioner to present evidence via telephone or videotaped deposition). Accordingly, the issuance of the panel's decision without further adjournment of the hearing does not provide a ground on which to vacate the award.

## CONCLUSION

For the foregoing reasons, respondents' motion to confirm the arbitration award is granted and petitioners' motion to vacate the award is denied.

Dated:   New York, New York
         July 18, 2006

                                S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge